## ASPOLI v. STATE.
## (No. 745.)

CRIMINAL LAW—TRIAL—CHANGE OF JUDGE—AFFIVAVIT OF PREJUDICE —EFFECT—JURISDICTION.

1. The filing, in a criminal case, of the statutory affidavit for change of judge disqualifies the judge, when such affidavit is called to his attention, from further sitting or presiding in the case, and therefore from hearing or determining a subsequent motion for change of venue.

[Decided Jan. 10, 1914.]                    (137 Pac. 577.)

ERROR to the District Court, Weston County; HON. DAVID H. CRAIG, Judge.

Tony Aspoli was charged with the crime of murder and convicted, and brought error. The material facts are stated in the opinion.

*Harry P. Ilsley,* for plaintiff in error.

Prejudicial error was committed by the presiding judge of the district in declining to rule on the motion for change of judge at the time the same was presented, and in subsequently overruling the motion for a change of venue. The provisions of the statute are mandatory which require the judge against whom an affidavit of bias or prejudice has been filed to call in another District Judge to try the action as if it had been originally brought before him. (Comp. Stat. 1910, Secs. 5147, 5148). It must be conceded that if the action of the District Judge was error it was also prejudicial. It would seem that nothing could be more prejudicial to the defendant's rights than the refusal to grant a change of venue by a judge against whom an affidavit of bias or prejudice has been filed. (Huhn v. Quinn, 21 Wyo. 51, 128 Pac. 514; Perkins v. Hayward, (Ind.) 24 N. E. 1033; Frevert v. Swift, (Nev.) 11 Pac. 273; State *ex rel.* v. Sachs, (Wash.) 29 Pac. 446; Gordon v. Conor, (Ida.) 51 Pac. 747; Lincoln v. Terr. (Okl.) 58 Pac. 730).

*D. A. Preston,* Attorney General, for the State, referred to the brief on behalf of the State in the case of Murdica

v. State, and relied upon the propositions and cases therein cited.

Scott, Chief Justice.

The plaintiff in error, defendant below, was jointly charged with one, Paul Monette, by information filed in the District Court of Weston County, on September 7, 1912, of having on April 30, 1912, in said County feloniously and with premeditated malice killed and murdered John Giachino. He was duly arraigned in open court on September 9th, following, and entered his plea of not guilty. · On the last above mentioned day the defendants named in the information filed a joint motion supported by affidavit for a change of venue, which affidavit was traversed by an affidavit controverting the matters and things therein alleged. On September 10th, following, before the hearing on the motion for change of venue had been heard and while the same was pending, the defendants filed a joint motion for a change of judge supported by affidavit, and in open court called the presiding judge's attention thereto. The court took the motion for a change of judge under advisement and against the protest of the defendants proceeded to hear and determine the issue upon the motion for a change of venue, and the court on September 11th, after hearing the evidence, denied the motion. On September 14, following, the court made its order setting the time for trial on October 4, 1912, before the District Court of Weston County, with Judge Craig presiding, who had been called in to preside at the trial. The defendant, Aspoli, was tried separately, convicted of murder in the first degree, sentenced to suffer the extreme penalty of the law, and brings error.

The bill of exceptions contains none of the evidence given upon the trial, but does contain the evidence given upon the hearing of the motion for a change of venue. The only question here presented is: Was Judge Parmelee, the presiding Judge of the District embracing with other counties the County of Weston, disqualified from further sitting or presiding in the case upon the filing of the statutory affidavit

for a change of judge? This is the identical question discussed and decided in the opinion in *Murdica v. State*, 137 Pac. 574, this day filed, in which we answered this question in the affirmative. It was the same crime charged against Mudica and in the commission of which Aspoli was alleged to have participated. They all joined in the hearing for a change of venue under like conditions and circumstances, and the same reasons there urged for a new trial are presented in this case, and the conclusion there reached can as well be predicated upon the record here. In this view of the case it becomes unnecessary to discuss the question, and we are content to rest our conclusion here upon the reasons set forth in that opinion. The judgment will be reversed and the case remanded for a new trial

*Reversed.*

BEARD, J., concurs.